WESTERN DIS. *October,* 1832.

HOOK
*vs.*
RICHARDSON.

sisters of the husband present themselves as heirs and claim the administration and acceptance of the estate with benefit of inventory.

HOOK *vs.* RICHARDSON.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

The heirs of a succession who are present, have a preference in the administration of it, over any other person; and if a curator be unadvisedly appointed, his powers cease when the heirs present themselves.

The heirs of the husband, both ascendant and collateral, have a preference over the surviving wife, for the administration of the common property; because all the husband's estate, and that which he may have acquired during marriage, are responsible for the whole of the debts contracted previous to its dissolution; while the obligation of the wife, or her heirs, depends on the contingency of their acceptance of the community.

The plaintiff, in behalf of herself and the other heirs and legal representatives of the late C. F. Morehouse, claims the administration of his estate. She alleges, it is now administered as a vacant succession, by his widow, as curatrix. The plaintiff asks to accept the succession, with benefit of an

inventory, and have the administration of it; and that the defendant be required to render an account of her administration, as *curatrix.*

The defendant pleads a general denial; says her husband died the 4th of April, 1832, leaving the crop growing, and that one-third of the force on the plantation, was furnished by her; that it would be for the interest of the community to carry it on by her for the year, when she is willing to relinquish it.

She claims her mourning dresses, one year's residence and sustenance; also, one-fourth of the estate, in full property and absolute right, as her marital portion, and prays to have these objects decreed to her.

There was judgement, giving the heirs the possession and acceptance of the succession, with the benefit of inventory; and that an administrator be appointed, and the curatrix required, to account to the heirs.

PORTER, J., delivered the opinion of the court.

The defendant was appointed curatrix of the estate of her husband, deceased, and of the property in common between them. The plaintiffs who state themselves to be heirs at law of the deceased, and residing, with one exception, in the parish, claim the administration and require an account.

The quality of heir is not put at issue in the answer, and the Court of Probates being of opinion that the other matters set up in avoidance of the petitioners' demand were not sufficient to authorize a rejection of their claim to administer the estate, gave judgement in their favor, and from that judgement the defendant appealed.

A bill of exceptions appears on record, which has not been noticed in the argument, and which we consider as abandoned.

The heirs of a succession who are present have a preference in the administration of the estate over any other person; and if a curator be unadvisedly appointed, his powers cease when they present themselves and demand it. *L. Code,* 1035, 1180.

WESTERN DIS.
October, 1832.

HOOK
vs.
RICHARDSON.

But it is contended that in this instance the wife was in community with the husband, and that she as a partner in the community had a right to administer the effects until the settlement and liquidation of its affairs could take place. This position has been attacked by the opposite party by a reference to the 1114th article of the Louisiana Code, which declares that the curatorship is to be given to the heir present or represented, in preference to the surviving husband or wife, if the deceased was married. Without stopping to inquire whether this provision in our code does not relate to property exclusively belonging to the deceased, and not that which is common, it is sufficient for the decision of this case to state, that in our opinion the heirs of the husband have a preference over the surviving wife, for the administration of the common property; and for this obvious reason, that in all cases their ancestor's estate, and that which he may have acquired during coverture, are responsible for the whole of the debts contracted previous to its dissolution. While the obligation of the wife or her heirs depends on the contingency of their acceptance of the community. See 3 Mar. N. S. 475, Bradford's Curator vs. Beauchamp.

Next, it is objected the petition does not show the respective rights of each heir in the estate of the deceased, and that the curatrix cannot know how she is to render an account to them. There is no difficulty in this. The curatrix must render her account of the estate generally, and the beneficiary heirs who obtain the administration are entitled to receive the sum which may be in her hands. Their respective rights in it is a matter for subsequent settlement between themselves, in which the defendant has no concern.

It was further urged, the law requires the judge to direct the curator to render his account in a reasonable time, and that there was error in this instance in his decreeing it should be furnished forthwith. We have no evidence before us this was an unreasonable time, and we do not understand the order to preclude the curatrix from having such delay as she

may legally show is necessary to produce the proof necessary to support that account.

Finally, it was urged, the court erred in ordering the defendant to pay costs. We do not think so. The curatrix, like all other persons who are sued in a court of justice, had her choice to comply with the prayer of the petition, or contest it at the hazard of paying costs. She chose the latter, and is subject to the penalty.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Court of Probates be affirmed, with costs.

*Boyce*, for plaintiff.    *Scott* and *Winn*, for defendant.